IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**BOBBY EUGENE RODDY,**

    **Petitioner,**

v.                                    Case No. 2:10-cv-00888

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## PROPOSED FINDING AND RECOMMENDATION

On July 8, 2010, Petitioner filed an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (docket # 2) and an Application to Proceed Without Prepayment of Fees and Costs (# 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PETITIONER'S ALLEGATIONS

Petitioner is presently incarcerated at the Mount Olive Correctional Complex. According to the petition, Petitioner is serving two consecutive sentences of 5-15 years after pleading guilty to two counts of sexual abuse by a parent, guardian or custodian in the Circuit Court of Mingo County, West Virginia in

July of 1999.[1]

Petitioner's section 2241 petition contains the following grounds for relief:

> Ground One:  Ineffective assistance of trial counsel and habeas counsel as well.
>
> Ground Two:  The trial attorneys withheld DNA test results that would have showed my innocent [sic; shown my innocence].
>
> Ground Three:  The alleged victim broke into my house on 9-5-1998.  When police was contacted, there was a police report about a break-in in my home.  The victims made up the stories about me alleging I had raped them.  And they used their hearsay evidence to indictment [sic; indict] me.
>
> Ground Four:  I was sentence[d] to two 5 to 15 years sentences for a total of 10 to 30 years and by my court orders and the commitment order says that my parole eligibility date is in 10 years but the W.V.D.O.C. has retried my case and has added time to my sentence because I was not allowed to see the parole board on time.  My 10 years was on March-27-2009 but the W.V.D.O.C. moved it to 7-8-2010.

(# 2 at 6-7).  Petitioner's petition further states that he had not previously raised any of these four claims in any state or federal court because he "is not an Attorney at Law and do[es] not know how to file them."  (Id. at 7).

## ANALYSIS

**A.   Grounds One, Two and Three.**

In his first three claims in his section 2241 petition, it appears that Petitioner is attempting to challenge the validity of

---

[1] The West Virginia Division of Corrections' website lists the date of Petitioner's judgment order as June 19, 1999.

his criminal convictions, alleging claims concerning the conduct of his counsel and the alleged use of false evidence to convict him. Such action by a state prisoner must be pursued through a petition for a writ of habeas under 28 U.S.C. § 2254 in the United States District Court with jurisdiction in the county in which the prisoner was convicted, after exhaustion of available state court remedies. Furthermore, 28 U.S.C. § 2244(d)(1) provides that a section 2254 petition must be filed within one year of the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Although Petitioner has filed several other civil actions under 42 U.S.C. § 1983, it does not appear that Petitioner ever filed a section 2254 habeas corpus petition in this court, which is the court with jurisdiction over Mingo County.  It further appears that any such petition would now be untimely under section 2244(d)(1).  According to the section 2241 petition, Petitioner did not pursue any state court remedies until January of 2010, when he filed a habeas corpus petition in the Circuit Court of Mingo County.  (# 2 at 3).  Petitioner's assertions that he is not an attorney and that he did not receive his complete trial transcript until January 15, 2010 are not sufficient reasons to toll the one year statute of limitations for filing a section 2254 petition.  See Lloyd v. Vannatta, 296 F.3d 630 (7th Cir. 2002); Donovan v. Maine, 276 F.3d 87, 93-94 (1st Cir. 2002); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).

Petitioner may not file a section 2241 habeas corpus petition in order to obtain review of claims that could have been raised in a timely section 2254 petition.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's claims in grounds One, Two and Three of his section 2241 petition are improperly raised and untimely.

    B.    **Ground Four.**

In Ground Four of his section 2241 petition, Petitioner asserts that he was "not allowed to see the parole board on time."

(# 2 at 7). Claims relating to parole, probation or similar matters affecting the duration of a sentence are typically reviewed under section 2254. See, *e.g.*, Young v. Harper, 520 U.S. 143 (1997). Furthermore, claims asserting violations of state law are not cognizable in federal habeas corpus. Ramdass v. Angelone, 187 F.3d 396, 407-08 (4th Cir. 1999), aff'd, 530 U.S. 156 (2000). The determination of when a prisoner is eligible for a parole hearing is a matter of state law that is not cognizable in federal habeas corpus review. Id. at 407.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to state a claim upon which relief can be granted in Ground Four of his petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and dismiss this civil action with prejudice.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date

of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

   September 22, 2010                        /s/ Mary E. Stanley
         Date                                   Mary E. Stanley
                                              United States Magistrate Judge