```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**BOBBY EUGENE RODDY,**

      Petitioner,

v.                                        CIVIL ACTION NO: 2:10-0888

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      Respondent.


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed July 8, 2010.

      This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who, on September 22, 2010, submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).

      On October 14, 2010, the court allowed petitioner until November 1, 2010, to file objections due to his transfer to another correctional institution and the uncertainty respecting whether he had seasonably received a copy of the PF&R.  On October 25, 2010, petitioner sought additional time to file his

objections. On October 28, 2010, the court allowed petitioner until December 1, 2010, to file his objections.

On October 29 and November 15, 2010, respectively, the court received a "PETITION FOR APPEAL OF MAGISTRATE JUDGE DECISION TO DISTRICT COURT" ("appeal") and objections, both of which the court has considered in reviewing the PF&R.

The magistrate judge notes that "[p]etitioner did not pursue any state court remedies until January of 2010, when he filed a habeas corpus petition in the Circuit Court of Mingo County." (PF&R at 4). The court has learned from the Clerk of the Circuit Court of Mingo County that, on April 8, 2010, the Honorable Michael Thornsbury dismissed a petition for habeas corpus filed by petitioner. The petition apparently only sought an order compelling the West Virginia Division of Corrections to hold a parole hearing in petitioner's case. Petitioner has recently filed another state habeas corpus petition styled Roddy v. Siefert, No. 10C-364 (Cir. Ct. Mingo Cty. Dec. 9, 2010). A scheduling conference will be held in that case in January 2011.

In his appeal and objections, petitioner asserts that he received newly discovered evidence in May 2010 supporting his innocence on the charges for which he was convicted in state court. Inasmuch as the magistrate judge correctly classifies

2

this proceeding as one seeking relief pursuant to 28 U.S.C. § 2254, petitioner is obliged to first present this ground for relief in state court.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); Jones v. Sussex I State Prison, 591 F.3d 707, 712 (4th Cir. 2010)("'Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'") (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)).  "Moreover, the burden of demonstrating fair presentment lies with the habeas petitioner, who must 'do more than scatter some makeshift needles in the haystack of the state court record.'" Id. (quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).[1]  The court thus

---

[1] Petitioner faces an additional impediment apart from the exhaustion requirement in developing, in this court, the merits of the newly discovered evidence.  Title 28 U.S.C. § 2254(e)(2) provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the claim relies
> (continued...)

3

declines to consider the ground alleging newly discovered evidence.

With respect to the remaining challenges to the PF&R found in the appeal and the objections, the magistrate judge's limitations analysis is unassailable. The court, accordingly, ORDERS as follows:

1. That the PF&R be, and it hereby is, adopted by the court and incorporated herein;

2. That the petition be, and it hereby is, denied; and

3. That this action be, and it hereby is, dismissed and stricken from the docket.

The court notes that pages 12 through 15 of document 14-1 and pages 3 through 6 of document 15-4 contain confidential medical records. The Clerk is, accordingly, directed to redact

---

[1](...continued)
on . . . a factual predicate that could not have been previously discovered through the exercise of due diligence; and . . . the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Id.

the names of the patients and the "Responsible Party" where they appear on the referenced pages, along with any addresses, telephone numbers, or other identifying information for those individuals found thereon.

The Clerk is further directed to forward copies of this written opinion and order to all counsel of record and the United States Magistrate Judge and the petitioner.

DATED:  December 28, 2010

John T. Copenhaver, Jr.
United States District Judge